NOT DESIGNATED FOR PUBLICATION

Nos. 118,646
118,647

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNOS COTTON JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 2, 2018. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant county attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and LEBEN, JJ.

PER CURIAM:  Johnos Cotton Jr. claims the district court abused its discretion in revoking his probation and sending him to prison to serve a modified sentence. We find no abuse of the district court's discretion and affirm.

In August 2015, Cotton entered pleas of no contest and guilty to aggravated battery charges in these two consolidated cases. Cotton was sentenced to a controlling term of 41 months in prison, but he was granted 24 months' probation.

1

In August 2016, the State contended that Cotton violated his probation in a number of aspects, including the commission of a number of crimes while on probation. The court found that Cotton had violated his probation. Rather than skipping the intermediate sanctions as provided for in K.S.A. 2017 Supp. 22-3716(c)(8)(A) due to Cotton's commission of new crimes, the court imposed a three-day "quick dip" sanction.

In January 2017, the State claimed that Cotton again violated his probation in a number of aspects. At the conclusion of a probation revocation hearing, the court ordered Cotton to serve a prison sanction of 120 days and extended his probation by 12 months.

In July 2017, the State again claimed that Cotton violated his probation, this time by (1) submitting a urine sample that tested positive for cocaine, (2) twice failing to report to his ISO as directed, and (3) failing to attend a substance abuse treatment program as directed.

At the probation revocation hearing that followed, Cotton admitted that he violated his probation but requested that the court reinstate his probation with additional conditions. He explained that he continued to struggle with drugs and alcohol and that he began a drug treatment program but stopped after he "made a mistake and he had a dirty UA." He asked the court to continue his probation so he could resume treatment for substance abuse. He also asked the court to reduce his underlying prison sentence to 36 months.

The district court revoked Cotton's probation and ordered him to serve a modified sentence of 36 months in prison. Cotton appeals, arguing that sending him to prison was unreasonable because he had acknowledged his drug problem and was finally ready for treatment.

Unless otherwise required by law, probation is a privilege and not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Here, Cotton admitted violating his probation. This left the district court with having to decide whether Cotton's violations warranted the revocation of his probation. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). We review the district court's decision to revoke Cotton's probation for any abuse of the court's discretion. See *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015). An abuse of discretion occurs if the district court's action was arbitrary, fanciful, or unreasonable or because it was based on an error of law or fact. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Cotton does not contend that the district court's action was based on an error of law or fact. He has the burden to prove an abuse of the district court's discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Absent the commission of a new crime while on probation, K.S.A. 2017 Supp. 22-3716 requires that the district court impose intermediate sanctions of graduated short-term incarcerations before revoking an offender's probation. K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), and (D); see *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015).

Here, the district court had the discretion to revoke Cotton's probation in both cases and to remand him to serve a prison sentence. Twice before Cotton had stipulated to violating the terms of his probation and had received intermediate sanctions under K.S.A. 2017 Supp. 22-3716(c), even though the court could have ordered Cotton to serve his prison sentence for committing new crimes in July 2016. See K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Cotton fails to show that no reasonable person would agree with the district court's action. Given Cotton's pattern of violations, there was no indication that Cotton was likely to abide by the law or to comply with the conditions of his probation in the future.

3

Our review of the record discloses no abuse of the district court's discretion in finally ordering Cotton to serve a modified prison sentence.

Affirmed.